IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. JASON THOMAS VOWELL, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:14-CR-573-CW Judge Clark Waddoups |
|---|---|

This matter is before the court on Defendant's Motion for Satisfaction of Judgment or, Alternatively, Verified Petition for Writ of Audita Querela. (ECF No. 11.) A Forfeiture Money Judgment, which held Mr. Vowell jointly and severally liable with two others for the amount of $1,818,960 under 21 U.S.C. § 853 was entered against Mr. Vowell on August 8, 2013, in the United States District Court, Middle District of Florida, Tampa Division, by Steven D. Merryday, U.S. District Court Judge. (ECF No. 11-6.) On November 12, 2014, the Middle District of Florida transferred jurisdiction over Mr. Vowell's supervised release to this court pursuant to 18 U.S.C. § 3605. During this period of Mr. Vowell's supervised release, he filed a Motion to Amend Judgment in this court, seeking to modify the forfeiture judgment as to him claiming that ineffective assistance of counsel resulted in an improper judgment of joint and several liability and an excessive fine in violation of the Eighth Amendment. (ECF No. 5.) While this court acknowledged Mr. Vowell's concerns about the law allowing joint and several liability in these circumstances, the court determined that Mr. Vowell failed to make a sufficient showing of ineffective assistance of counsel and denied the motion. (ECF No. 6.)

1

On June 5, 2017, the United States Supreme Court issued *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which held that under 21 U.S.C. § 853, defendants may not be held jointly and severally liable for property that a co-conspirator derived from the crime but that the defendant did not himself acquire. Mr. Vowell's plea agreement, judgment, and Forfeiture Money Judgment are all based on 21 U.S.C. § 853. Citing this ruling, Mr. Vowell filed the present motion for relief asserting that he has already forfeited all property and proceeds that he obtained or acquired pursuant to the statute.

Preliminarily determining that Mr. Vowell was entitled to relief under *Honeycutt*, this court ordered the United States to show cause why it should not be ordered to issue a Satisfaction of Judgment in favor of Mr. Vowell, or to file a memorandum in opposition to Mr. Vowell's motion. (ECF No. 12.) The United States responded to the motion, raising jurisdictional concerns that, upon further review, preclude this court from deciding the motion. (ECF No. 13.) Mr. Vowell's reply memorandum does not change this outcome. (ECF No. 16.)

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). This court's jurisdiction over Mr. Vowell's supervised release is governed by 18 U.S.C. § 3605. That section provides that

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. **A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the**

> probationer or releasee that are permitted by this subchapter or subchapter
> B or D of chapter 227.

*Id.* (emphasis added.) A review of subchapter 18 U.S.C. § 3605 and subchapters B and D of chapter 227 reveals that a transferee court has jurisdiction over the imprisonment and probation/supervised release aspects of sentences. Jurisdiction over fines is excluded from these subchapters (fines are instead referred to in subchapter C), and to the extent forfeiture is not encompassed by fines, it is not even mentioned. *See* U.S. v. Coppler, No. 1:14-CR-00023-GNS, 2017 WL 194280 at *1 (W.D. Ky Jan. 17, 2017) (holding that transfers of jurisdiction under 18 U.S.C. § 3605 do not include jurisdiction over forfeiture matters). Mr. Vowell's term of supervised release has ended; thus, this court no longer has any jurisdiction at all over Mr. Vowell. Furthermore, as the transferee court, this court does not, nor did it ever, have jurisdiction to address forfeiture matters. Accordingly, the court VACATES its prior Memorandum Decision and Order (ECF No. 6), and DISMISSES Mr. Vowell's present motion without prejudice. Motions related to the forfeiture order must be brought in the original sentencing court, the U.S. District for the Middle District of Florida.

DATED this 7th day of September, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge